UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARK M.,[1]

                                        Plaintiff,                    **DECISION AND ORDER**

v.                                                                   1:23-cv-1251-JJM

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

_____

        Plaintiff commenced this action pursuant to 42 U.S.C. §405(g) to review the final

determination of the Commissioner of Social Security that he was not disabled prior to October

12, 2018. [1].[2] Before the court are plaintiff's motion for judgment on the pleadings [10] and the

Commissioner's motion to remand for further proceedings [14]. Plaintiff opposes [15] the

Commissioner's motion as he seeks a remand for a calculation of benefits rather than for further

administrative proceedings. The parties have consented to my jurisdiction [17]. Having reviewed

their submissions [10, 14, 15], this action is remanded to the Commissioner for further

proceedings consistent with this Decision and Order.

**BACKGROUND**

        The parties' familiarity with the 2,728-page administrative record [3, 4, 5] is

presumed. On July 27, 2017, plaintiff protectively filed an application for disability insurance

_____

[1]       In accordance with the guidance from the Committee on Court Administration and Case
Management of the Judicial Conference of the United States, which was adopted by the Western District
of New York on November 18, 2020 in order to better protect personal and medical information of non-
governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]       Bracketed references are to the CM/ECF docket entries. Page references to the administrative
record are to the Bates numbering.  All other page references are to the CM/ECF pagination.

benefits, with an alleged onset date of February 19, 2017. [3] at 106, 108. Plaintiff's claim was initially denied. Id. at 121. A hearing was conducted by Administrative Law Judge ("ALJ") John Loughlin, who rendered a decision denying benefits. Id. at 33-49. The Appeals Council denied plaintiff's request for review. Id. at 1-8.

Plaintiff appealed that decision to this court. Mark M. v. Commissioner of Social Security, 1:20-cv-1604-EAW, Complaint [1]. The parties thereafter entered into a stipulation to remand the claim for a new hearing, which was so ordered by Chief Judge Elizabeth Wolford. See Mark M., 1:20-cv-1604-EAW, Stipulation and Order [15]. The Appeals Council duly remanded plaintiff's claim for a new hearing, with instructions to further explore any functional limitations caused by plaintiff's left shoulder condition. Id. at 1493-99.

**A.      The Hearing**

On July 14 and July 24, 2023, ALJ Bryce Baird conducted a new hearing. Id. at 1342-88, 1389-97. Plaintiff was represented by an attorney. Id. at 1389. At the hearing, medical expert Donald Carr testified that he reviewed plaintiff's file, specifically as it pertained to his shoulder, lumbar spine, and related nerve issues. Id. at 1348-49.

In his testimony, Dr. Carr evaluated plaintiff's symptoms against the criteria of medical listings 1.15 (Disorders of the skeletal spine resulting in compromise of a nerve root) and 1.18 (Abnormality of a major joint(s) in any extremity),[3] and he opined that plaintiff's condition met the "majority" of those elements. Id. at 1349-61. In particular, he testified that plaintiff's symptoms "d[id] not completely meet" criterion D of both listings regarding the inability to use both upper extremities. Id. at 1351, 1361. Nonetheless, he felt that the

---

[3]      See 20 C.F.R. Pt. 404, Subpt. P, App. 1

combination of plaintiff's lumbar spine and shoulder issues would equal the listings in light of plaintiff's "difficulty" in using his bilateral upper extremities. Id. at 1362.

Dr. Carr went on to testify that he believed that plaintiff could perform work at the sedentary level with certain postural and environmental limitations. Id. at 1363-68. A vocational expert testified that an individual with the limitations described in ALJ Baird's hypothetical could not perform plaintiff's past work, but could perform jobs existing in significant numbers in the national economy. Id. at 1379-81.

## B.      The ALJ's Decision

On October 2, 2023, ALJ Baird issued a "Partially Favorable" decision on plaintiff's claim, approving him for disability benefits as of October 12, 2018, but not before. Id. at 1316-41. He found that plaintiff had the following "severe" impairments: lumbar degenerative disk disease, status post discectomy and fusion; left shoulder tear and degenerative joint disease status post arthroscopic surgery; right shoulder status post repair; right middle finger partial amputation; asthma; essential hypertension; coronary artery disease status post myocardial infarction with stent placement; and congestive heart failure. Id. at 1322.

ALJ Baird evaluated plaintiff's impairments under medical listings 1.15, 1.18, 3.03, 4.02, and 4.04, but he found that none of his impairments either singly or in combination met or medically equaled a listed impairment. Id. at 1324. ALJ Baird found that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) with various specific postural and environmental limitations. Id.

ALJ Baird found that plaintiff could not perform any past relevant work, but that - prior to October 12, 2018 - he was a "younger individual" aged 45-49, and his RFC was then sufficient to perform jobs that exist in significant numbers in the national economy. Id. at 1328-

29. Beginning on October 12, 2018, however, plaintiff's age category changed, and by application of Medical-Vocational Rule 201.14, he would no longer be able to perform any competitive work. Id. at 1329. Accordingly, ALJ Baird found that plaintiff was disabled as of October 12, 2018. Id. at 1330.

### C.    Relevant Record Evidence

This appeal primarily concerns plaintiff's allegations of chronic lower back and left shoulder issues, both arising from work injuries. Plaintiff's back injury dates back to March 24, 2008, and he underwent two lumbar surgeries in 2016. [4] at 1191. On February 19, 2017, plaintiff injured his left shoulder at work when he slipped while pulling a tire off a truck. [3] at 906. The latter is the date plaintiff alleges his disability began.

On September 27, 2017, Nikita Dave, M.D., performed an internal medicine examination of plaintiff. [4] at 1824-30. Dr. Dave noted diagnoses of neck pain; coronary artery disease, mild status post stents; low back pain; asthma/chronic obstructive pulmonary disease; knee pain; shoulder pain; right hand finger numbness with pain; mental health conditions; and status post multiple work injuries. Id. at 1828. Dr. Dave opined that "there may be moderate limitations" for repetitive gross motor manipulation with the right hand, and "moderate to marked limitations" in gross motor manipulation through the left shoulder "pending surgery in a few months". Id. at 1829. Dr. Dave further opined mild to moderate limitations for prolonged sitting, standing, repetitive bending, twisting, lifting, carrying, pushing, pulling, and maintaining a non-neutral position without head and neck rest and support for prolonged periods of time. Id.

Plaintiff underwent surgery to repair his left shoulder in December 2017. *See* id. at 1271, 1326, 1824. On February 9, 2018, plaintiff began physical therapy, and was assessed with reductions in his left shoulder's range of motion, external rotation, flexion, and abduction,

and a "severe activity limitation" in his upper extremities. Id. at 1847-48. Plaintiff attended follow-up physical therapy appointments on February 12, 2018, February 14, 2018, February 16, 2018, February 20, 2018, and February 21, 2018. Id. at 1833-48. Some improvement was noted in his shoulder flexion strength and range of motion. Id. at 1833.

On September 6, 2022, plaintiff attended an internal medicine examination with John Schwab, D.O. [5] at 2670-73. Dr. Schwab noted plaintiff's history of bilateral torn rotator cuffs with decreased ROM and low back pain, as well as diagnoses of obesity, coronary artery disease, status post myocardial infarction with stenting, pain in right knee, and asthma. Id. at 2670, 2673. Dr. Schwab opined that plaintiff would have marked restrictions in raising his arms over shoulder height and feeling objects in his right hand, and moderate restrictions in bending, lifting and carrying heavy objects. Id. at 2673.

## ANALYSIS

Plaintiff argues that ALJ Baird failed to properly evaluate the opinion of medical expert Dr. Carr and consultative examiners Dr. Dave and Dr. Schwab, and that a remand for a calculation of benefits is warranted. Plaintiff's Memorandum of Law ("MOL") [10-1] at 11-22. The Commissioner seeks remand for further proceedings to conduct a proper evaluation of the medical evidence. Commissioner's MOL [14-1] at 4-8.

### A.    Standard of Review

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate

to support a conclusion". <u>Consolidated Edison Co. of New York, Inc. v. NLRB</u>, 305 U.S. 197, 229 (1938); *see also* <u>Biestek v. Berryhill</u>, 587 U.S. 97, 103 (2019); <u>Colgan v. Kijakazi</u>, 22 F.4th 353, 359 (2d Cir. 2022).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. *See* <u>Shaw</u>, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920.  The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. <u>Talavera v. Astrue</u>, 697 F.3d 145, 151 (2d. Cir. 2012).

**B.      The ALJ's Assessment of the Medical Opinion Evidence**

Plaintiff argues that ALJ Baird improperly assessed the medical opinions of consultative examiners Dr. Dave and Dr. Schwab. [10-1] at 17. The Commissioner seems to agree, though he concedes merely that ALJ Baird failed to assess the supportability and consistency of those opinions. [14-1] at 7-8.

According to Social Security regulations, "[the ALJ] will articulate . . . how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [claimant's] case record". 20 C.F.R. §404.1520c(b). In so doing, "the ALJ must explain how he considered the 'supportability' and 'consistency' factors", and "may—but is not required to" discuss other factors such as the relationship with the claimant, specialization, or familiarity with program requirements. <u>David C. v. Commissioner of Social Security</u>, 2024 WL 376598, *4 (W.D.N.Y. 2024); *see* §404.1520c(b)-(c). ALJ Baird did not do so.

The failure to explicitly discuss those factors is "procedural error", meaning that such an error may be harmless if "a searching review of the record' assures us 'that the substance of the [regulation] was not traversed". <u>Loucks v. Kijakazi</u>, 2022 WL 2189293, *2 (2d Cir. 2022) (citations omitted); *see* <u>Eon P. v. Dudek</u>, 2025 WL 1435585, *6 (N.D.N.Y. 2025) ("[c]ontrary to

Plaintiff's argument, procedural errors do not *require* remand") (emphasis in original). However, as the Commissioner does not address harmless error and seeks remand, it appears he concedes that the doctrine does not apply.

In 2017, Dr. Dave opined that "[t]here may be moderate limitations for repetitive gross motor manipulation through the right hand", and "[t]here may be moderate to marked limitations for gross motor manipulation through the left shoulder pending surgery in a few months, can reevaluate". [4] at 1169. ALJ Baird found Dr. Dave's opinion unpersuasive, highlighting the equivocal language used by Dr. Dave, *i.e.*, that there "may be" such limitations and that plaintiff was set to undergo shoulder surgery in a few months. Id. at 1327. These could indeed be valid reasons for discounting a medical opinion. *See* Julie Ann P. v. Commissioner of Social Security, 2023 WL 6056460, *5 (W.D.N.Y. 2023) ("where an opinion predates a surgery that precipitates a claimant's ameliorating condition and the opinion does not account for the subsequent amelioration, it stands to reason that such medical opinion is also stale").

I further agree with ALJ Baird that terms like "moderate" and "marked", when left undefined in functional terms, can be ambiguous. *See* Selian v. Astrue, 708 F.3d 409, 421 (2d Cir. 2013); Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000) ("terms [like] 'moderate' and 'mild,' without additional information" are "so vague as to render [them] useless"). However, that does not mean that such opinions can be set aside. Such medical opinions must still be, as the Commissioner concedes, evaluated for "supportability" and "consistency" and weighed with the remainder of the evidence "to make an RFC finding that [is] consistent with the record as a whole". Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022) (*quoting* Matta v. Astrue, 508 F. App'x. 53, 56 (2d Cir. 2013)). Thus, remand is appropriate.

Likewise, ALJ Baird found Dr. Schwab's 2022 medical opinion to be unpersuasive. Id. at 1327. Dr. Schwab opined that plaintiff would have marked restrictions in raising his arms over shoulder level and feeling objects with his right hand, as well as moderate limitations in bending, lifting, and carrying heavy objects. [5] at 2673. ALJ Baird rejected this opinion as being from a period for which plaintiff was already found disabled and for failing to establish a greater limitation before the established onset date. [4] at 1327. In so doing, ALJ Baird did not assess the "supportability" or "consistency" of Dr. Schwab's opinion, or any other factor set forth in §404.1520c(c). As some of Dr. Schwab's findings conflict with ALJ Baird's RFC determination, such failure is not harmless. Thus, a remand for further consideration of these opinions is warranted.

## C.    The ALJ's Assessment of the Medical Expert Testimony

Plaintiff argues that ALJ Baird improperly rejected Dr. Carr's testimony that plaintiff "equaled" medical listings 1.15 and 1.18. [10-1] at 13-17. ALJ Baird found Dr. Carr's testimony persuasive with respect to plaintiff's specific functional limitations, but concluded that Dr. Carr was simply incorrect in his understanding of what it means to "equal" a listing. [4] at 1326.

At step three, the Commissioner must determine whether a claimant's impairment or combinations of impairments is sufficiently severe to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§404.1520(d); 404.1525; 404.1526. That is, "[i]f the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to that listing". §404.1526(b)(3). If a

claimant is found to meet or medically equal a listed impairment, then he will be found *per se* disabled. *See* §404.1520(a)(4)(iii), (d).

As Dr. Carr testified, and plaintiff concedes, plaintiff did not meet subparagraph D of either listing 1.15 or 1.18. *See* [4] at 1351, 1361; Plaintiff's MOL [10-1] at 15 ("[c]learly [plaintiff] does not meet Part D of listing 1.15 which is the same as Part [D] of 1.18"). However, plaintiff argues that Dr. Carr did testify, after some back-and-forth between Dr. Carr and ALJ Baird, that plaintiff medically equaled that requirement of the listing. [10-1] at 13-15. I find Dr. Carr's testimony on this point, even after clarification from ALJ Baird, to be equivocal. *See* [4] at 1361-62 ("[s]o I think, in combination of the lumbar spine and the shoulder issue, they would equal the listing. And that's my opinion. I completely appreciate what you're - - I guess, maybe I'm not considering the definition hard and fast").

Regardless, the determination of whether a claimant "medically equals" a listed impairment is for the ALJ to make, not any medical source. *See* §§404.1520(a)(4)(iii); 404.1526(e)(2); April B. v. Kijakazi, 2023 WL 5959739, *8 (N.D.N.Y. 2023) (an ALJ "is not required to blindly adopt [a medical] expert's opinion; indeed, the equivalence issue is one reserved to the Commissioner") (*citing* SSR 17-2p). Subparagraph D of listings 1.15 and 1.18 are identical, and they require medical documentation of "at least one of the following:

> 1. A documented medical need (see 1.00C6a) for a walker, bilateral canes, or bilateral crutches (see 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (see 1.00C6e(i)); or
>
> 2. An inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements (see 1.00E4), and a documented medical need (see 1.00C6a) for a one-handed, hand-held assistive device (see 1.00C6d) that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand (see 1.00C6e(ii)); or

3. An inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movement".

As plaintiff does not require the use of an ambulatory assistive device, plaintiff could only be *per se* disabled if he had a condition or combination of conditions that rendered him unable to use *either* upper extremity to perform work-related activities. *See* id.

ALJ Baird found that the medical evidence did not demonstrate that plaintiff suffered an impairment that was medically equivalent to having the inability to use either upper extremity for work-related activities. [4] at 1326. Indeed, as Dr. Carr himself testified, plaintiff would be able to occasionally lift and carry up to 20 pounds, frequently lift and carry up to 10 pounds, and frequently engage in fine and gross manipulation. Id. at 1326, 1363, 1365. Thus, fully crediting Dr. Carr's testimony regarding plaintiff's functional limitations, plaintiff could not have met or medically equaled listing 1.15 or 1.18. ALJ Baird's decision, in this regard, was legally correct.

**D.      Remand for Calculation of Benefits**

While the Commissioner agrees to a remand for further proceedings, plaintiff argues that he is entitled to a remand for calculation of disability benefits for the period of 19 months and 23 days from the date of his alleged disability (February 19, 2017) to October 12, 2018. [10-1] at 21-22. Plaintiff cites the significant amount of time that has elapsed since his initial application (now over eight years), and his belief that Dr. Carr's testimony regarding plaintiff equaling Medical Listings 1.15 and 1.18 is sufficient to support a *per se* award of benefits under step three. Id.

Pursuant to 42 U.S.C. §405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision

of the Commissioner of Social Security, with or without remanding the cause for a rehearing".

Thus, while a remand for further administrative proceedings is the norm, the court is empowered,

in the appropriate case, to find a claimant disabled and order a calculation of benefits.

However, a remand for a calculation of benefits is granted in "rare cases" where

the record contains "persuasive proof of disability and remand for further proceedings serves no

purpose". Melanie V. v. Commissioner of Social Security, 2024 WL 3337924, *3 (W.D.N.Y.

2024) (citing Estrella v. Berryhill, 925 F.3d 90, 98 n.3 (2d Cir. 2019); Williams v. Apfel, 204

F.3d 48, 50 (2d Cir. 1999); see also Demars v. Commissioner of Social Security, 841 F. App'x

258, 263 (2d Cir. 2021). Otherwise, "we generally vacate and instruct the district court to remand

the matter to the Commissioner for further consideration". Curry, 209 F.3d 117 at 124.

"Persuasive evidence of a disability exists when the record unequivocally

demonstrates that the claimant is disabled". Tammie S. v. Dudek, 2025 WL 1811173, *2

(N.D.N.Y. 2025); see Loucks, 2022 WL 2189293 at *2 (remand for calculation of benefits is

appropriate when "th[e] record 'compels but one conclusion' – that [plaintiff] is disabled").

Remanding for further proceedings would "serve[] no purpose" where the administrative record

is complete and the evidence, properly considered, clearly establishes that plaintiff was under a

disability. See Jose M. v. Commissioner of Social Security, 2025 WL 1413006, *3 (W.D.N.Y.

2025) ("courts have remanded for calculation of benefits when the medical records demonstrate

a claimant's disability and there is no evidence to the contrary").

Further, "delay alone is an insufficient basis on which to remand for [payment of]

benefits." Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996). While plaintiff cites cases that consider

delay as a "factor militating against remand" (Castle v. Colvin, 2017 WL 3939362, *6

(W.D.N.Y. 2017), the deferential standard of review toward agency action forbids the courts

from doing so absent compelling evidence of disability during the relevant period. *See* <u>Loucks</u>, 2022 WL 2189293 at \*2. Here, the record leaves open questions of fact as to whether plaintiff was able to perform work at the level contemplated in ALJ Baird's RFC determination, questions which are properly resolved in the first instance by the Commissioner.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [10] is granted to the extent of remanding this claim to the Commissioner for further administrative proceedings consistent with this Decision and Order, and is otherwise denied, and the Commissioner's motion for remand [14] is granted.

**SO ORDERED**.

Dated: March 30, 2026

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. McCARTHY
United States Magistrate Judge